IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK16-80782 |
| | ) | |
| ELKHORN CROSSING, LLC, | ) | CHAPTER 12 |
| | ) | |
| Debtor. | ) | |

## ORDER

Hearing was held in Omaha, Nebraska, on November 14, 2016, on Debtor's amended Chapter 12 plan (Fil. #41 as a correction to Fil. #33), and an objection filed by Farm Credit Services of America, FLCA and Farm Credit Services of America, PCA (Fil. #38). Patrick R. Turner appeared for Debtor, James A. Overcash appeared as the Chapter 12 trustee, and James J. Niemeier appeared for Farm Credit Services of America, FLCA and Farm Credit Services of America, PCA. Evidence was admitted and the matter was taken under advisement.

For the reasons stated below, confirmation of the Chapter 12 plan is denied.

### *FINDINGS OF FACT*

1.  Debtor, Elkhorn Crossing, LLC, filed its voluntary petition for relief under Chapter 12 of the United States Bankruptcy Code on May 18, 2016.

2.  Farm Credit Services of America, FLCA timely filed a proof of claim asserting a secured claim in the amount of $815,435.14 ("Land Loan") evidenced by a promissory note dated February 19, 2013, which required annual payments due March 1 of each year until March 1, 2029. The note is secured by a trust deed and assignment of rents encumbering Debtor's real estate.

3.  Farm Credit Services of America, PCA timely filed a proof of claim asserting a secured claim in the amount of $1,191,135.33 evidenced by two promissory notes. The first promissory note is an operating loan ("Operating Loan") evidenced by a promissory note and loan agreement dated March 25, 2015, having a one-year term with automatic one-year renewals until either party provides the other with written notice of termination. The total due on the Operating Loan as of the petition date was $1,026,613.11. The second note is an installment loan ("Term Loan") evidenced by a promissory note dated July 16, 2013, requiring annual payments on August 1 of each year until a maturity date of August 1, 2018. The total due on the Term Loan as of the petition date was $164,522.22. The notes are secured by security agreements and financing statements encumbering all of Debtor's personal property (accounts, crops, livestock, feed and grain, equipment, inventory, etc.) and a second deed of trust and assignment of rents encumbering Debtor's real property.

4.  Farm Credit Services of America FLCA and Farm Credit Services of America, PCA shall be collectively referenced as "Farm Credit." Farm Credit asserts that all of the promissory notes are cross-collateralized.

5.  No other creditors have filed objections and the Chapter 12 trustee filed his consent to confirmation.

6. The declaration of Brian Barber (Fil. #43) was received into evidence without objection. Mr. Barber is a Nebraska certified general appraiser who inspected the real property of Debtor and issued an appraisal concluding that the market value of the real property was $2,880,000.00.

7. The declaration of Shayne Fili (Fil. #44) was received into evidence without objection. Mr. Fili is a certified appraiser with Auction Solutions, Inc. Mr. Fili examined and appraised numerous items of personal property of Debtor and concluded that the "as is" market value of the property, as of the date of the appraisal, was $1,414,199.00. The appraised property was "[t]he Agricultural Farming Machinery and Livestock that is the subject of this report has been represented as belonging to Timothy and Jody Delaney as of the effective date of this appraisal." The appraisal contains a specific listing of each item of property appraised.

8. Based on its appraisals, Debtor believes that Farm Credit has an equity cushion of more than $2,200,000.00 in its collateral.

9. The declaration of Larry D. Pope (Fil. #30) was also received into evidence without objection. Mr. Pope is a licensed certified general real estate appraiser in the state of Nebraska with experience in appraising agricultural real estate and personal property for financial institutions and lenders. Mr. Pope is employed by Farm Credit. According to Mr. Pope's appraisals, the personal property had a value on August 4, 2016, of $568,396.00, and the real estate of $2,717,400.00.

10. Based on Farm Credit's appraisals, Farm Credit has an equity cushion of more than $1,200,000.00 in its collateral.

## *AMENDED PLAN AND OBJECTIONS*

At the confirmation hearing, Debtor orally modified the plan. Under the oral amendment, Debtor would be required to make a lump sum payment on March 1, 2017, in the amount of $150,000.00 to be allocated among Farm Credit's three loans as follows: $100,000.00 to the Operating Loan and $25,000.00 each to the other two loans. Debtor would then repay the remaining balances of the loans over a 15-year period with annual payments on each loan commencing March 1, 2018, with interest at the formula rate of interest (currently 5.5%) as provided in the Local Rules, without adjustment.

Farm Credit objects, asserting that a 15-year term for each of the loans is too long, that the interest rate should be adjustable annually, and that based on Debtor's projections, the proposed payments are not feasible.

## *DISCUSSION*

Farm Credit objects to the reasonableness of the repayment terms. Specifically, Farm Credit objects to the length of the loans and the lack of any adjustments to the interest rate.

Generally, a plan must propose to pay claims in no more than five years, 11 U.S.C. § 1222(c), but secured claims may be paid over longer terms if certain requirements are met. Section 1225(a)(5) sets forth those requirements:

> [T]he court shall confirm a plan if —
>> . . .
>> (5) with respect to each allowed secured claim provided for by the plan —
>>> (A) the holder of such claim has accepted the plan;
>>> (B) (i) the plan provides that the holder of such claim retain the lien securing such claim; and
>>>> (ii) the value, as of the effective date of the plan, of property to be distributed by the trustee or the debtor under the plan on account of such claim is not less than the allowed amount of such claim; or
>>> (C) the debtor surrenders the property securing such claim to such holder[.]

Because Farm Credit has not accepted the plan and Debtor is not proposing to surrender the collateral, the issue is whether the plan's proposed treatment of the claims provides for payment of the claims' present values. That entails an evaluation of the appropriate discount factor to be applied to the stream of payments, as well as an assessment of the repayment period. The Supreme Court case of *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004), adopted the formula approach that is set forth in Local Rule 3023-1. Factors for a court to consider when deciding whether the formula rate is sufficient include the estate's circumstances, the nature of the security, and the duration and feasibility of the plan. *Till*, 541 U.S. at 479. Here, Farm Credit does not object to the use of the formula rate, but believes that the rate should be adjusted on an annual basis to reflect changing market conditions.

When contemplating a plan's repayment period, the court may consider the length of the underlying note and the creditor's customary repayment periods for similar loans. *In re Torelli*, 338 B.R. 390, 397 (Bankr. E.D. Ark. 2006). The debtor in *Torelli* proposed repayment of a five-year, 7.75% note over 20 years at 5%. As that interest rate was lower than the minimum required by *Till*, the court adjusted it. The court also ruled that the 20-year term did not withstand scrutiny in light of § 1225(a)(5). Specifically, the court said the lender would not receive "the benefit of its bargain by being forced into a new loan of substantially longer term than originally contemplated by the parties." *Torelli*, 338 B.R. at 397. That is the same argument Farm Credit makes in this case.

In the present case, each of the loans had different initial terms. The Land Loan was for 16 years; the Operating Loan was for one year, renewable annually; and the Term Loan was for five years. Certainly, imposing a 15-year repayment term on the Land Loan is not out of the ordinary nor inconsistent with the original repayment term. However, some reasonable periodic adjustment of the rate during such a lengthy loan term is necessary to properly provide Farm Credit with the present value of its claim. Therefore, Debtor's proposal to fix the interest rate on the Land Loan for 15 years at the formula rate will not be approved.

The Operating Loan and the Term Loan were short-term loans and the 15-year repayment schedule would be far in excess of the terms originally contemplated by the parties. These are the type of loans that are typically paid over the five-year term of a Chapter 12 plan. Debtor, however, argues that the facts of this case are unique because, in addition to the personal property as collateral, the loans are also secured by a junior lien on the real estate. Even when using Farm Credit's lower valuation, Farm Credit has an equity cushion of more than $1,200,000.00 above the total loan balances.

      Unfortunately, Debtor has not presented enough information to determine whether a 15-year repayment term for the Operating Loan and the Term Loan is appropriate in this situation, nor has Debtor provided for periodic adjustments to the interest rates to ensure Farm Credit its present value. Debtor seems to want to treat the Operating and Term Loans like typical land loans even though they are primarily secured by personal property and equipment while the real estate lien is a subordinate lien. Missing is any analysis of the collateral position of Farm Credit as the years go by and the personal property and equipment depreciate, livestock and crops are sold, etc. There also is no mention of any procedure for payment to Farm Credit if any item of its collateral is sold. All in all, there simply is not enough information to make a determination as to whether under the unique circumstances of this case, a 15-year term should be imposed under a plan for repayment of short-term loans.

      Finally, as indicated at the hearing, live testimony is generally needed to determine feasibility of a plan. Debtor's counsel noted that Farm Credit did not present any independent evidence to contradict the projections of Debtor. However, Debtor's projections do not take into account the 15-year repayment terms proposed by Debtor in its oral amendments. It is unclear whether Debtor will have the disposable income to make the proposed payments to Farm Credit without eroding its collateral position. Also, the projections do not give the court any analysis of the secured position of the creditor as the years go by. Such an analysis is imperative when seeking to impose a lengthy repayment term.

      IT IS, THEREFORE, ORDERED that the objection to confirmation by Farm Credit (Fil. #38) is sustained. Debtor shall have until December 15, 2016, to file an amended plan.

      DATED: November 21, 2016.

                                             BY THE COURT:

                                             /s/ Thomas L. Saladino
                                             Chief Judge

Notice given by the Court to:
      *Patrick R. Turner
      James A. Overcash
      James J. Niemeier
      United States Trustee

Movant(*) is responsible for giving notice to other parties if required by rule or statute.